[See Case No. 951.]

---

## Case No. 14,179.

TRIPLETT v. HANLEY et al.

[1 Dill. 217.] [1]

Circuit Court, E. D. Arkansas. 1871.

BANKRUPTCY—ATTORNEY'S FEES.

1. The assignee in bankruptcy cannot recover from an attorney the amount of a fee fairly paid to him by an insolvent person for necessary services rendered at the time, there being no fraud in fact or upon the bankrupt act intended or effected.

2. Payments made to an attorney by the bankrupt in contemplation of bankruptcy, for services in opposing the petition of creditors under the 39th section, will be allowed to stand only so far as consistent with a due regard for the interests of the general creditors.

In bankruptcy.

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

Watkins & Rose, for assignee.
English & Hanley, for defendants.

Before DILLON, Circuit Judge, and CALDWELL, District Judge.

DILLON, Circuit Judge, delivering orally the opinion of the court, in substance as follows:

This is an action by an assignee in bankruptcy against the defendants, attorneys at law, to recover moneys paid to them by the bankrupts, as fees, or for services, in violation or fraud, as alleged, of the bankrupt act.

The defendants rendered services of two kinds:

1. While the debtors were embarrassed and insolvent and known to be so by defendants, but before the filing of the petition in bankruptcy against them, one of them was arrested under a requisition from another state, and employed the defendants to procure his release by a habeas corpus proceeding, which was successful, and he paid him therefor property alleged to be of the value of $700, but there was no proof or claim that the value of the property exceeded the fair value of the services rendered, and the payment was made before the filing of the petition in bankruptcy. We hold, that being a payment for services rendered at the time, and not being shown to be fraudulent or excessive, or intended to withdraw property from the operation of the bankrupt act, or to evade or defeat it, the assignee has not established his right to recover the sum thus paid to the defendants.

2. The other services were these: On the petition in bankruptcy being filed against the bankrupts, who were merchants, they consulted the defendants as attorneys, and agreed to pay or did pay them in cash, merchandize, and notes, over $1,500 for advice and services in opposing the petition. The bankrupts were known to the attorneys to be hopelessly insolvent, and to have committed acts of bankruptcy, and they knew or must be taken to have known that it was useless to oppose the proceeding, or to incur expense in doing so. We hold that the assignee is entitled to judgment against the defendants for the amount thus paid to them, less the sum of $200, that being shown to be a fair compensation for all necessary advice, and expenditure, and services; the court regards the allowance of that amount, under the circumstances, just and equitable, but disclaims to lay down any rule on the subject, observing that such allowances must be made with great caution, and a due regard for the interests of the general creditors. See Bump, Bankr. (3d Ed.) 195, 368, and cases cited.